# Babcock Lumber Co., Appellant, v. Creasy.

*Contract—Sale—Failure to deliver—Damages.*

Where a purchaser of lumber resells it to a contractor for a bridge, and is himself under bond to deliver the lumber within a certain time, and this is known to the seller who delays deliveries to the injury of the contractor, the purchaser cannot in an action

against him by the seller for the balance of the purchase-money, set off a sum of money which he had voluntarily paid the contractor in settlement of his differences with him caused by the delay.

In such a case where the purchaser makes constant demands upon the seller to complete delivery, but continues to accept the delayed deliveries without cancelling the contract, he cannot set off expenses incurred, before the actual cancellation of the contract, in traveling to lumber centers, in the attempt to find out where he could get lumber to take the place of that which the seller had failed to furnish. The course for the purchaser to pursue was either to cancel the contract and buy in the open market, or to continue to recognize the contract and recover the loss occasioned by the delay.

Argued March 4, 1918. Appeal, No. 27, March T., 1918, by plaintiff, from judgment of C. P. Columbia Co., Sept. T., 1913, No. 329, on certificate for defendant in case of Babcock Lumber Co. v. S. C. Creasy, trading as Creasy & Wells. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for goods sold and delivered. Before EVANS, P. J.

From the record it appeared that plaintiff claimed to recover $249.28 for lumber sold and delivered. The defendant set off a claim for $200, being an amount which he had voluntarily paid to a contractor to whom he had sold the lumber, in settlement of a claim for damages from delay caused by the plaintiff in failing to deliver the lumber in contract time. The defendant also claimed the sum of $100 incurred in traveling expenses. Other facts appear by the opinion of the Superior Court.

Certificate and judgment for defendant for $50. Plaintiff appealed.

*Error assigned,* among others, was in admitting evidence relating to the two items of set-off.

*Mortimer C. Rhone,* with him *A. R. Jackson,* for appel-

lant.—The defendant waived his right to recover damages for nondelivery on the entire amount of lumber within the time specified in the contract: Brown v. Guarantee Trust & Safe Dep. Co., 128 U. S. 403; United Fruit Co. v. Bisese, 25 Pa. Superior Ct. 170.

*H. Montgomery Smith,* for appellee.—When the acceptance is forced by stress of circumstances, the goods being absolutely needed, and the buyer being unable to procure them elsewhere, acceptance will not waive damages for delay: Otis Elevator Co. v. Flanders Realty Co., 244 Pa. 186; Fessler v. Love, 43 Pa. 313; Egolf v. City of York, 246 Pa. 455; Pittsburgh Sheet Mfg. Co. v. West Penn Sheet Steel Co., 201 Pa. 150; Snedaker v. Torpey, 41 Pa. Superior Ct. 312; McHose v. Fulmer, 73 Pa. 365.

OPINION BY TREXLER, J., July 10, 1918:

Plaintiff agreed to deliver within six weeks 96,000 feet of white oak plank to be used in replacing the floor of a county bridge. Three carloads were delivered within the time specified, eight thereafter, and there remained a deficit of 8,000 feet which defendant had to purchase elsewhere. Defendant claims that by reason of the delay in furnishing the plank and the failure to provide the entire amount contracted for he suffered damages. The lumber had been resold to one Pettit who had the contract for putting the floor on the bridge and the vendor knew that such was the case and that defendant was under bond to the county commissioners to see that Pettit would complete the job according to contract. Time was of the essence of the contract. Special damages were claimed in the affidavit of defense. The jury gave the defendant a certificate and the question before us is whether the items of set-off presented by the defendant were properly admitted.

The defendant and Pettit partially settled their differences by the allowance of $200 to Pettit as compensation for nondelivery of the plank according to contract. The

court allowed this item of credit to go in. We think this was error. The amount allowed to Pettit which was apparently in the nature of a compromise forms no proper claim against the plaintiff. It was not a party to the arrangement. It was not consulted and had no opportunity to question the basis of the settlement. For aught that appears to the contrary this amount might have been fixed at $500 or $1,000. Since the Babcock Lumber Company, upon the theory of the defendant, had in any event to pay it, it did not matter to him what the amount was. We are of the opinion that the admission of the testimony was error.

The defendant presents a bill of $100 by way of set-off for expenses incurred in going to Williamsport, Scranton and other lumber centres in Pennsylvania in the attempt to find out where he could get plank to take the place of those which the plaintiff had failed to furnish. The tardiness of the plaintiff was continually met by requests on the part of the defendant to hurry up the delivery of the plank. The time of delivery expired on November 20th, when only three carloads had been delivered. On January 4, 1913, defendant wrote to plaintiff telling him that if he did not hear from him by next mail with definite information he would go into the market and buy the plank and charge him with the difference. January 18th he asked the plaintiff the question, "Shall we go into the open market and buy the balance of the oak at once?" January 28th he again wrote plaintiff that if he did not hear from him by return mail he would tell the contractor to go ahead and do what he thought was best under the circumstances and on February 5th, he definitely cancelled the order. In the interval between the expiration of the time fixed by the contractor and the final cancellation of the order, eight additional cars had been shipped and accepted by the defendant. All these trips above referred to were taken before the cancellation and during the time when the defendant was still urging the plaintiff to supply the balance of

the order.   We think one of two courses was open to the defendant.   He could consider the contract as cancelled and go into the open market and buy or he could continue to recognize the contract and recover the loss occasioned by the delay in furnishing.   We do not think he can recover the expenses he was put to in ascertaining whether it would be wise for him to cancel or not. As long as he recognized the contract and urged the plaintiff to supply the articles bargained for he is not in a position to incur expenses in the endeavor to buy lumber in the open market.   He thereby assumes an inconsistent attitude.   The purchase in the open market follows a failure on the part of the plaintiff to furnish the goods and the breaking thereby of the relations between the vendor and the vendee, but as long as these relations exist the defendant cannot proceed as if the contract had been cancelled.   Under the facts as presented the plaintiff still had the opportunity to complete the contract by furnishing the lumber and had he done so there could have been no damages for the nondelivery of the plank. The question then would have been confined to the damages due to the delay.   He cannot add to that his expenses in the attempt to ascertain prior to the cancellation of the contract, whether he could procure in the open market the lumber, a large portion of which was subsequently furnished by the plaintiff and accepted by the defendant.

The judgment is reversed and a venire facias de novo is awarded.